UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Boykin Spaniel Society,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>James Latimer, Mildred Latimer and Brian Clark,<br><br>　　　　　The Defendants. | CIVIL ACTION NO: 3:15-5029-MGL<br><br>**COMPLAINT** |

The Boykin Spaniel Society ("Plaintiff"), complaining of James Latimer and Mildred Latimer ("The Latimers") and Brian Clark, alleges the following:

### THE PARTIES

1.　Plaintiff is a non-profit corporation organized an existing under the laws of South Carolina, having a principal address of 2337 N Broad St., Camden, SC, 29020.

2.　Upon information and belief, the Latimers are individuals residing at 104 Retriever Creek Lane, St. Matthews, SC 29135.

3.　Upon information and belief, Brian Clark is an individual residing at 328 Quail Walk Trail, Chapin, SC 29036.

### JURISDICTION

4.　This action arises under the Lanham Act pursuant to 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201(a).

5.　The state and common law causes of action are properly before this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Venue is proper under 28 U.S.C. § 1391(b), as the parties reside in this District and Division; and the acts committed by the Defendants that serve as the grounds for this complaint occurred in this District and Division.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Plaintiff is the owner of statutory and common law trademark rights in the silhouette design shown to the right (the "Mark") for promoting public awareness of the interests of Boykin spaniel breeders and owners and the welfare and breed integrity of the Boykin spaniel as well as for a variety of goods including, but not limited to, bags, totes, coolers, glassware, flags and clothing.

8. Plaintiff is the owner of trademark registration No. 4,871,072 for the mark for "promoting public awareness of the interests of Boykin spaniel breeders and owners and the welfare and breed integrity of the Boykin spaniel."

9. The silhouette design depicted in the Mark was originally created by Mildred Latimer.

10. While she and/or her husband, James Latimer, were members of Plaintiff's Board of Directors, the Latimers gave Plaintiff the unqualified right to use the silhouette design as a trademark or otherwise.

11. In reliance on the Latimers' statements regarding the silhouette design, Plaintiff began using the Mark and has continued to use the Mark in commerce to market, promote and sell Plaintiff's goods and services since at least as early as 2002.

12. Plaintiff has extensively used the Mark to promote and market its goods and services in both electronic and print advertisements.

2

13. Through Plaintiff's use of the Mark in commerce, consumers have come to recognize the Mark as indicating Plaintiff as the source of its goods and services.

14. Through its use of the Mark in commerce, Plaintiff has developed substantial statutory and common law rights to the Mark.

15. In reliance on the Latimers' statements regarding the silhouette design, Plaintiff undertook substantial efforts and to register the Mark with the U.S. Patent and Trademark Office.

16. At all pertinent times, the Latimers were aware of Plaintiff's efforts to register the Mark and did not object to those efforts.

17. Plaintiff's efforts to register the Mark were discussed during Board meetings, which one or both of the Latimers attended.

18. Both Mr. and Mrs. Latimer made statements to third parties indicating that the Mark belonged to Plaintiff and that Plaintiff had or was in the process of federally registering the Mark.

19. In reliance on the Latimers' statements regarding the silhouette design, Plaintiff entered in to license agreements with third parties, whereby the third parties could use the Mark, subject to Plaintiff's approval, in exchange for the payment of royalties.

20. Mr. Latimer was on Plaintiff's Board of Directors and Executive Committee, when Plaintiff discussed and approved Plaintiff's entry into license agreements with the third parties.

21. The Latimers are now claiming the sole rights to the Mark.

22. The Latimers are using Plaintiff's Mark to market, advertise and sell dog kenneling services.

23. The Latimers' services are similar to the goods and services of Plaintiff and its licensees.

24. The Latimers are also licensing the Mark to Mr. Clark so that he may market, promote and/or sell goods such as stickers.

25. The goods and/or services being sold by Mr. Clark are similar to the goods and services provided by Plaintiff and its licensees.

26. Defendants are using the Mark in the same geographic areas as Plaintiff is using its Mark.

27. The Latimers are using the Mark to promote their services to the same class of consumers targeted by Plaintiff.

28. Mr. Clark is using the Mark to promote his services to the same class of consumers targeted by Plaintiff.

29. Plaintiff's first use of the Mark in commerce predates the first use of the Mark in commerce by either the Latimers or Mr. Clark.

30. Plaintiff's rights to the Mark are superior to any rights that the Latimers or Mr. Clark may claim to The Mark.

31. The Latimers' use of the Mark is likely to cause consumer confusion as to the source of The Latimers' services.

32. Mr. Clark's use of the Mark is likely to cause consumer confusion as to the source of his goods.

33. The use of the Mark by the Latimers or Mr. Clark is likely to cause consumers to mistakenly believe that the Defendants' goods and services are affiliated with or sponsored or endorsed by Plaintiff.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Ownership**

34. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-33 as if fully repeated herein.

35. Plaintiff is the owner of valid and enforceable statutory and common-law trademark rights to the Mark.

36. Plaintiff was the first person or entity to use the Mark in commerce.

37. Plaintiff's trademark rights to the Mark are superior to any trademark rights that the Latimers or Mr. Clark may claim in the Mark.

38. The Latimers are estopped from claiming rights to the Mark that are superior to those of Plaintiff.

39. The Latimers are estopped from taking any action in an effort to prevent Plaintiff's use of the Mark.

40. Plaintiff is the sole owner of the trademark rights to the Mark.

41. Plaintiff is entitled to a declaration that it is the sole owner of the trademark rights to the Mark and that such rights are superior to any rights the Latimers and/or Mr. Clark may cliam.

### SECOND CAUSE OF ACTION
### Infringement Of A Federally Registered Mark
### (15 U.S.C. §1114)

42. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-41 as if fully repeated herein.

43. Plaintiff is the owner of valid and enforceable statutory trademark rights to the Mark.

44. Plaintiff is using its Mark in the same geographic areas as the Defendants' use of the Mark.

5

45. Plaintiff is using its Mark to provide the same or similar goods and/or services as Defendants provide.

46. Plaintiff provides its goods and services to the same or similar customers as those of Defendants.

47. The Latimers are falsely designating the source of their services as though they originated from Plaintiff.

48. Mr. Clark is falsely designating the source of his goods as though they originated from Plaintiff.

49. The Defendants are using the Mark to compete with Plaintiff.

50. The Defendants are trading off of the good will that Plaintiff has created in its Mark.

51. The Defendants' unauthorized use of the Mark is likely to cause consumer confusion.

52. The Defendants' use of the Mark constitutes infringement of a registered trademark.

53. The Defendants are using the Mark with an intent to deceive consumers regarding the source of their services.

54. Plaintiff is entitled to an injunction to prevent the Defendants from using the Mark or any other mark that is confusingly similar to Plaintiff's Mark.

55. Plaintiff has no adequate remedy at law concerning the confusion created by the Defendants' use of the Mark.

56. Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendants while using the Mark, lost sales, costs of the action, and other damages as may be determined at trial.

57. The Defendants' actions are willful and with knowledge of Plaintiff's rights.

58. This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

### THIRD CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### (15 U.S.C. §1125(a))

59. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-58 as if fully repeated herein.

60. Plaintiff is the owner of valid and enforceable common-law trademark rights to the Mark.

61. Plaintiff is using its Mark in the same geographic areas as Defendants' use of the Mark.

62. Plaintiff is using its Mark to provide the same or similar goods and/or services as Defendants provide.

63. Plaintiff provides its goods and services to the same or similar customers as those of Defendants.

64. Defendants are falsely designating the source of their goods and services as though they originated from Plaintiff.

65. Defendants' unauthorized use of the Mark in commerce is likely to cause consumer confusion.

66. Defendants' use of the Mark constitutes false designation of origin and unfair competition.

67. Plaintiff is entitled to an injunction to prevent Defendants from using the Mark or any other mark that is confusingly similar to Plaintiff's Mark.

68. Plaintiff has no adequate remedy at law concerning the confusion created by Defendants' use of Defendants' Mark.

69. Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendants while using the Mark in commerce, lost sales, costs of the action, and other damages as may be determined at trial.

70. Defendants' actions are willful and with knowledge of Plaintiff's rights.

71. This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

## FOURTH CAUSE OF ACTION
### Violation of the SC Unfair Trade Practices Act
### (S.C. Code Ann. § 39-5-10 et seq.)

72. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-71 as if fully repeated herein.

73. Defendants' actions are deceptive in that they are likely cause consumer confusion regarding the source of Defendants goods and/or services.

74. Defendants' actions are deceptive in that they are likely to divert consumers looking for Plaintiff to Defendants.

75. Defendants' actions are capable of repetition and otherwise adversely affect the public interest.

76. Defendants' actions have continued despite Plaintiff's demand that Defendants cease using the Mark in commerce.

77. Defendants' actions, as described herein, are in violation of S.C. Code Ann. § 39-5-20(a).

78. Defendants' actions have been committed with the intent, purpose and effect of procuring an unfair competitive advantage over Plaintiff.

8

79. Defendants' actions have caused and are causing damages to Plaintiff in the form of lost sales.

80. Defendants' actions are causing Plaintiff irreparable harm because Plaintiff's reputation is no longer in its control.

81. Defendants' actions were and are a willful and knowing violation of S.C. Code Ann. § 39-5-20 as Defendants' use of The Mark continues despite the Defendants' actual knowledge of Plaintiff's superior rights to the Mark and the infringing nature of Defendants' acts.

82. Plaintiff is entitled to an injunction against the Defendants prohibiting Defendants from engaging in unfair and deceptive trade practices as well as treble damages plus attorney fees.

**WHEREFORE**, Plaintiff hereby requests a jury determination of the issues raised and prays that this Court and/or the trier of fact award the following relief:

A. A declaration that Plaintiff is the sole owner of the trademark rights to the Mark and that Plaintiff's trademark rights are superior to any trademark rights that may be claimed by any of the Defendants.

B. A determination that the Defendants have infringed Plaintiff's statutory and common-law service mark/trademark rights;

C. A determination that the Defendants' actions violate the South Carolina Unfair Trade Practices Act;

D. A temporary and permanent injunction against the Defendants to enjoin Defendants and their agents, representatives and/or licensees from using the Mark or any confusing variation thereof for any goods or services that are related to Plaintiff's goods and services, including promotion services to raise public awareness of the interests of Boykin spaniel breeders and

owners and the welfare and breed integrity of the Boykin spaniel as well as for a variety of goods including, but not limited to, bags, totes, coolers, glassware, flags and clothing and/or any other related goods or services;

E.  A temporary and permanent injunction against Defendants to enjoin Defendants and agents, representatives and/or licensees from unfairly competing with Plaintiff.

F.  An award of damages, including the Defendants' profits for any goods or services sold in association with the Mark, Plaintiff's lost sales, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117 and S.C. Code § 39-5-140, the amount of which is to be determined at trial; and,

G.  For such other relief as this Court deems just and proper.

December 22, 2015.

>Respectfully submitted,
>
>McNAIR LAW FIRM, P. A.
>
>s/Hunter Freeman
>Hunter S. Freeman (Fed ID #9313)
>Bernie W. Ellis (Fed ID #5650)
>P.O. Box 447
>Greenville, SC 29602
>Telephone:  864-271-4940
>       Fax:   864-271-4015
>Email:  bellis@mcnair.net
>Email:  hfreeman@mcnair.net
>*Attorneys for Plaintiff*